ECF CASE
JUDGE ROBINSON

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------

**J & J SPORTS PRODUCTIONS, INC.,**
as Broadcast Licensee of the **May 6, 2006**
**DELAHOYA/MAYORGA** Program,
                                            Plaintiff,

                                                      **ATTORNEY'S AFFIDAVIT OF COSTS**
                                                      **AND FEES**
          -against-                                   Civil Action No. 07-CV-11392-SCR-GAY
                                                      HON. STEPHEN C. ROBINSON

ANA LUCIA BAQUERO and CARLOS
EDUARDO ASITIMBAY, Individually and as
officers, directors, shareholders and/or principals of
EL TORERO REST., INC. d/b/a EL TORERO
RESTAURANT a/k/a EL TORERO SPORTS BAR,

and

EL TORERO REST., INC. d/b/a EL TORERO
RESTAURANT a/k/a EL TORERO SPORTS BAR

                              Defendants.
-------------------------------------------------------------
STATE OF NEW YORK :
                  : SS.:
COUNTY OF ULSTER  :

          JULIE COHEN LONSTEIN, being duly sworn, deposes and says:

          1.      That I am the attorney for Plaintiff, J & J Sports Productions, Inc., in the above

referenced matter and I am admitted to practice in this Court.  I am fully familiar with all the

facts, circumstances and proceedings heretofore had herein.

          2.      I make this affidavit in support of Plaintiff's motion for default judgment and

damages, costs and fees.

          3.      Plaintiff's litigation expenses as associated with the formation, pleading and filing

of the above captioned matter are as outlined below:

a.    Filing Fees -   $350.00

b.    Service of Process - $300.00
Attached hereto as Exhibit "A," please find invoice from Signal Auditing, Inc., reflecting the cost of service upon the Defendants.

c.    Attorneys Fees - $937.50
See below

Total Litigation Expenses ...............................($1,587.50)

4.    Attorney fees at $200.00 per hour for attorney time spent and $75.00 for paralegal

time spent are as follows:

| Date | Action | (in hours) | Fee | |
|------|--------|------------|-----|---|
| 06/22/2006 | Factual research and development | .50 | $100.00 | Atty |
| 06/29/2006 | Claim Letter issued | .25 | $18.75 | Para |
| 08/10/2006 | Final Notice | .25 | $18.75 | Para |
| 08/21/2006 | Review Ltr from Defendant's Atty | .12 | $25.00 | Atty |
| 08/21/2006 | Faxed and mailed Demand Ltr | .25 | $18.75 | Para |
| 08/23/2006 | TC to Defendant's Atty | .13 | $25.00 | Atty |
| 08/31/2006 | Ltr to Defendant's Atty | .25 | $18.75 | Para |
| 09/13/2006 | TC to Defendant's Atty | .12 | $25.00 | Atty |
| 10/24/2006 | TC to Defendant's Atty | .13 | $25.00 | Atty |
| 10/30/2006 | TC to Defendant's Atty | .12 | $25.00 | Atty |
| 11/09/2006 | TC from Defendant's Atty | .13 | $25.00 | Atty |
| 11/14/2006 | Settlement | .25 | $50.00 | Atty |
| 11/17/2006 | Faxed/mailed settlement docs | .25 | $18.75 | Para |
| 12/21/2006 | TC to Defendant's Atty | .12 | $25.00 | Atty |
| 02/20/2007 | TC to Defendant's Atty | .13 | $25.00 | Atty |

| Date | Description | Hours | Fee | |
|------|-------------|-------|-----|---|
| 03/28/2007 | Ltr to Defendant's Atty | .25 | $18.75 | Para |
| 10/02/2007 | Ltr to Defendant's Atty | .25 | $18.75 | Para |
| 12/06/2007 | Factual Research | .25 | $50.00 | Atty |
| 12/10/2007 | Review Ltr from Defendant's Atty | .12 | $25.00 | Atty |
| 12/18/2007 | Drafted Complaint | .5 | $100.00 | Atty |
| 01/24/2008 | Arranged Service | .25 | $18.75 | Para |
| 01/24/2008 | Courtesy Copies to Judge | .25 | $18.75 | Para |
| 02/20/2008 | Review Service | .13 | $25.00 | Atty |
| 02/21/2008 | Filed and mailed Proofs of service | .25 | $18.75 | Para |
| 03/11/2008 | Drafted Motion for Default | 1.0 | $200.00 | Atty |

|  | | | **Hours** | **Fee** |
|--|--|--|-----------|---------|
|  | | | 3.75 **Atty** | $750.00 |
|  | | | 2.50 **Para** | $187.50 |
| | | **Total** | | **$937.50** |

5.     As part of its factual research, Plaintiff's Counsel conducted a search of the New York State Division of Alcoholic Beverage Control, State Liquor Authority. The results show that Ana Lucia Baquero and Carlos Eduardo Asttimbay are Principal of El Torero Rest Inc., trade name El Torero Restaurant. The Public Query results page is attached hereto as Exhibit "B".

The Defendants ANA LUCIA BAQUERO and CARLOS EDUARDO ASITIMBAY, Individually and as officers, directors, shareholders and/or principals of EL TORERO REST., INC. d/b/a EL TORERO RESTAURANT a/k/a EL TORERO SPORTS BAR were served with a copy of the Complaint and Summons on February 14, 2008; Defendant EL TORERO REST., INC. d/b/a EL TORERO RESTAURANT a/k/a EL TORERO SPORTS BAR were served with a

copy of the Complaint and Summons on January 29, 2008. A true copy of the Complaint, is

attached hereto as Exhibit "C". The proofs of service upon the Defendants, are attached hereto

as Exhibit "D".

We respectfully request that judgment be entered in favor of Plaintiff and against

the Defendants in the manner stated herein.

**WHEREFORE,** your deponent respectfully requests that this Court in its discretion grant judgment by default under 605(a) on COUNT I of the Plaintiff's complaint against the Defendants jointly and severally as follows:

**Against, ANA LUCIA BAQUERO, Individually and as officers, directors, shareholders and/or principals of EL TORERO REST., INC. d/b/a EL TORERO RESTAURANT a/k/a EL TORERO SPORTS BAR,**

1)      under 605(e)(3)(C)(i)(II) a sum *in the discretion of the Court*, of up to TEN THOUSAND DOLLARS ($10,000.00)

2)      and under 605(e)(3)(C)(ii) a sum *in the discretion of the Court*, of up to ONE HUNDRED THOUSAND DOLLARS ($100,000.00) for enhanced damages for Defendant's willful violation of 605(a)

3)      and under 605(e)(3)(B)(iii) *in the discretion of the Court*, costs and Attorney fees of FIVE HUNDRED TWENTY NINE DOLLARS AND SIXTEEN CENTS ($529.16)

**Against, CARLOS EDUARDO ASITIMBAY, Individually and as officers, directors, shareholders and/or principals of EL TORERO REST., INC. d/b/a EL TORERO RESTAURANT a/k/a EL TORERO SPORTS BAR,**

1)      under 605(e)(3)(C)(i)(II) a sum *in the discretion of the Court*, of up to TEN THOUSAND DOLLARS ($10,000.00)

2)      and under 605(e)(3)(C)(ii) a sum *in the discretion of the Court*, of up to ONE HUNDRED THOUSAND DOLLARS ($100,000.00) for enhanced damages for Defendant's willful violation of 605(a)

3)      and under 605(e)(3)(B)(iii) *in the discretion of the Court*, costs and Attorney fees of FIVE HUNDRED TWENTY NINE DOLLARS AND SIXTEEN CENTS ($529.16)

**Against, EL TORERO REST., INC. d/b/a EL TORERO RESTAURANT a/k/a EL TORERO SPORTS BAR**

1) under 605(e)(3)(C)(i)(II) a sum *in the discretion of the Court*, of up to TEN THOUSAND DOLLARS ($10,000.00)

2) and under 605(e)(3)(C)(ii) a sum *in the discretion of the Court*, of up to ONE HUNDRED THOUSAND DOLLARS ($100,000.00) for enhanced damages for Defendant's willful violation of 605(a)

3) and under 605(e)(3)(B)(iii) *in the discretion of the Court*, costs and Attorney fees of FIVE HUNDRED TWENTY NINE DOLLARS AND SIXTEEN CENTS ($529.16)

Dated: March 11, 2008
      Ellenville, NY 12428

                                      /s/ Julie Cohen Lonstein
                                      Julie Cohen Lonstein, Esq.
                                      Bar Roll No. JL8512
                                      Lonstein Law Office, P.C.
                                      Attorneys for Plaintiff
                                      1 Terrace Hill; PO Box 351
                                      Ellenville, NY 12428
                                      Telephone: 845-647-8500

Sworn to before me this 10th
day of March 2008
                                      Facsimile:  845-647-6277

/s/ April Draganchuk
***April Draganchuk***
***Notary Public State of New York***
***Registration  No. 4945872***
***Residing in Ulster County***
***My Commission Expires Jan. 27, 2011***

Exhibit A



Mountain Support Services

1 Terrace Hill
P.O. Box 615
Ellenville, NY 12428

# Invoice

| Date | Invoice # |
|------|-----------|
| 3/13/2008 | 1270 |

**Bill To**

Lonstein Law Office, PC
Wayne D Lonstein
1 Terrace Hill
P.O. Box 351
Ellenville, NY 12428

| Description | Amount |
|-------------|--------|
| INDIVIDUAL SERVICE<br>J&J v. ANA LUCIA BAQUERO<br>YOUR FILE #06-7-S02<br>CV #07-11392 | 100.00 |
| INDIVIDUAL SERVICE<br>J&J v. Eduardo Asitimbay<br>YOUR FILE #06-7-S02<br>CV #07-11392 | 100.00 |
| **Total** | $200.00 |




Mountain Support Services

**Invoice**

1 Terrace Hill
P.O. Box 615
Ellenville, NY 12428

| Date | Invoice # |
|------|-----------|
| 2/12/2008 | 1228 |

**Bill To**

Lonstein Law Office, PC
Wayne D Lonstein
1 Terrace Hill
P.O. Box 351
Ellenville, NY 12428

| Description | Amount |
|-------------|--------|
| CORPORATE SERVICE VIA SOS<br>J&J v. EL TORERO REST INC<br>YOUR FILE #06-7-S02<br>CV#07-111392 | 100.00 |
| | |
| **Total** | $100.00 |

Exhibit B

 

NEW YORK **STATE**

| George E. Pataki<br>Governor | Division of Alcoholic Beverage Control<br>State Liquor Authority<br>Lawrence J. Gedda, Commissioner / Joshua B. Toas, CEO | Daniel B. Boyle<br>Chairman |

Home                                                                                  Help

Office Directory

Licensing
Information                                  **Public Query - Results**

Online Licensing

Forms Download                          **License Information**

**Public License**                           **Serial Number:** 2123775
**Query**
                                             **License Type:** ON-PREMISES LIQUOR
Wholesale
                                           **License Status:** License is Active
Full Board
Calendar                                     **Credit Group:** 3

Public Affairs                                 **Filing Date:** 08/02/2004

Enforcement                                **Effective Date:** 10/04/2005

Training                                  **Expiration Date:** 09/30/2007
Information

FAQs                                     **Premises Information**

ABC Law                                   **Principal's Name:** BAQUERO, ANA LUCIA
                                                               ASITIMBAY, CARLOS EDUARDO
Message from the
Chairman                                   **Premises Name:** EL TORERO REST INC

Mission Statement                             **Trade Name:** EL TORERO RESTAURANT

Privacy                                              **Zone:** 2

Security                                          **Address:** 108 NORTH MAIN ST
                                                               MAPLE AVE & CHURCH ST
                                                               SPRING VALLEY, NY 10977
                                                  **County:** ROCKLAND

You can select one of the following links to perform another search:

- **Search by Name**
- **Search by License Number**
- **Search by Location**
- **Search by Principal**

Exhibit "C"

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

**J & J SPORTS PRODUCTIONS, INC.,**
as Broadcast Licensee of the **May 6, 2006**
**DELAHOYA/MAYORGA** Program,                          **COMPLAINT**

                         Plaintiff,                     Civil Action No.

        -against-

ANA  LUCIA  BAQUERO  and  CARLOS
EDUARDO ASITIMBAY, Individually and as
officers, directors, shareholders and/or principals of
EL TORERO REST., INC. d/b/a EL TORERO
RESTAURANT a/k/a EL TORERO SPORTS BAR,

and

EL TORERO REST., INC. d/b/a EL TORERO
RESTAURANT a/k/a EL TORERO SPORTS BAR,

                         Defendants.
-----------------------------------------------------------------


        Plaintiff, **J & J SPORTS PRODUCTIONS, INC.,** (hereinafter "Plaintiff"), by their

attorneys, LONSTEIN LAW OFFICE, P.C. complaining of the defendants herein respectfully sets

forth and alleges, upon information and belief, as follows:


### JURISDICTION AND VENUE

    1. This action is brought pursuant to 47 U.S.C. §§ 553, 605, et seq.

    2. This Court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C.

Section 1331, which states that the district courts shall have original jurisdiction of all civil actions

arising under the Constitution, laws, or treaties of the United States.

3. Upon information and belief, venue is proper in this court because, inter alia, all defendants reside within the State of New York (28 U.S.C. § 1391(b) and 28 U.S.C. §112(b)).

4. This Court has personal jurisdiction over the parties in this action as a result of the defendants' wrongful acts hereinafter complained of which violated plaintiff's rights as distributor of the transmission signal of the fight as hereinafter set forth at length. The defendants' wrongful acts consisted of the interception or tortious conversion of said property of plaintiff within the control of the plaintiff in the State of New York.

## THE PARTIES

5. The plaintiff is a California corporation with its principal place of business located at 2380 So. Bascom Avenue, Suite 200, Campbell, CA 95008.

6. Upon information and belief the defendant, ANA LUCIA BAQUERO, resides in the State of New York.

7. Upon information and belief the defendant, CARLOS EDUARDO ASITIMBAY, resides in the State of New York.

8. Upon information and belief the defendants, ANA LUCIA BAQUERO and CARLOS EDUARDO ASITIMBAY, are officers, directors, shareholders and/or principals of EL TORERO REST., INC. d/b/a EL TORERO RESTAURANT a/k/a EL TORERO SPORTS BAR, of that they are doing business as EL TORERO REST., INC. d/b/a EL TORERO RESTAURANT a/k/a EL TORERO SPORTS BAR.

-2-

9. Upon information and belief the defendants, ANA LUCIA BAQUERO and CARLOS EDUARDO ASITIMBAY, were the individuals with supervisory capacity and control over the activities occurring within the establishment on May 6, 2006.

10. Upon information and belief the defendants, ANA LUCIA BAQUERO and CARLOS EDUARDO ASITIMBAY, received a financial benefit from the operations of EL TORERO REST., INC. d/b/a EL TORERO RESTAURANT a/k/a EL TORERO SPORTS BAR on May 6, 2006.

11. Upon information and belief, the defendant, EL TORERO REST., INC. d/b/a EL TORERO RESTAURANT a/k/a EL TORERO SPORTS BAR, is a business entity, the exact nature of which is unknown, having its principal place of business at 108 North Main Street, Spring Valley, New York  10977.

12. Upon information and belief, the defendant, EL TORERO REST., INC. d/b/a EL TORERO RESTAURANT a/k/a EL TORERO SPORTS BAR, is a Domestic Corporation, incorporated and licensed to do business in the State of New York.

13. Upon information and belief, the defendant, EL TORERO REST., INC. d/b/a EL TORERO RESTAURANT a/k/a EL TORERO SPORTS BAR, is a partnership licensed to do business in the State of New York.

14. Upon information and belief, the defendant, EL TORERO REST., INC. d/b/a EL TORERO RESTAURANT a/k/a EL TORERO SPORTS BAR, is a sole proprietorship licensed to do business in the State of New York.

## COUNT I

15. Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs

-3-

"1" through "14", inclusive, as though set forth herein at length.

16. By contract, plaintiff was granted the right to distribute the **DeLaHoya/Mayorga** program (this includes all undercard bouts and the entire television broadcast) scheduled for **May 6, 2006** via closed circuit television and via encrypted satellite signal. Said event originated via satellite uplink and was subsequently re-transmitted to cable systems and satellite companies via satellite signal (hereinafter referred to as the "Program").

17. Pursuant to the contract, plaintiff entered into subsequent agreements with various entities in the State of New York, allowing them to publicly exhibit the Program to their patrons.

18. Plaintiff expended substantial monies in consideration of the aforementioned agreement to transmit the Program to those entities in the State of New York, which in turn, entered into agreements with plaintiff to exhibit the Program to their patrons.

19. Upon information and belief, with full knowledge that the Program was not to be received and exhibited by entities unauthorized to do so, the defendants and/or their agents, servants, workmen or employees unlawfully intercepted, received and/or de-scrambled said satellite signal and did exhibit the Program at the above-captioned addresses at the time of its transmission willfully and for purposes of direct or indirect commercial advantage or private financial gain.

20. Upon information and belief, the defendants and/or their agents, servants, workmen and employees used an illegal satellite receiver, intercepted plaintiff's signal and/or used a device to intercept plaintiff's broadcast which originated via satellite uplink and then re-transmitted via satellite or microwave signal to various cable and satellite systems. There are multiple illegal methods of accessing programing. Splicing an additional coaxial cable line or redirecting a wireless signal, from an adjacent residence, into a business establishment, commercial misuse of cable or

-4-

satellite by registering same as a residence when it is in fact, a business or taking a lawfully obtained box or satellite receiver from a private residence and into a business. Each of these methods would allow Defendants to access programming unlawfully. * In addition, emerging technologies, such as broadband or internet broadcast as well as "slingbox" technology, which allows a consumer to literally sling programing from their personal home cable or satellite systems and into their computers, can allow commercial misuse of residential broadcasting feeds through the internet from anywhere in the world. While Plaintiff is unable to determine the manner in which Defendants obtained the programing, it is logical to conclude that Defendants must have either used an illegal satellite receiver, misrepresented their business establishment as a residence or engaged in "mirroring" by taking a legitimate receiver from their home to their business establishment in order to intercept Plaintiff's broadcast.

21. 47 U.S.C. §605 (a) prohibits the unauthorized reception and publication or use of communications such as the transmission for which plaintiff had the distribution rights thereto.

22. By reason of the aforementioned conduct, the aforementioned defendants willfully violated 47 U.S.C. §605 (a).

23. By reason of the aforementioned defendants' violation of 47 U.S.C. §605 (a), plaintiff has a private right of action pursuant to 47 U.S.C. §605.

24. As a result of the aforementioned defendants' willful violation of 47 U.S.C. §605 (a), plaintiff is entitled to damages in the discretion of this Court, under 47 U.S.C. §605 (e)(3)(C)(i)(II) and (ii) of up to $110,000.00 as to each defendant.

25. Pursuant to 47 U.S.C. §605, plaintiff is also entitled to an award of full costs, interest and reasonable attorney's fees.

## COUNT II

26. Plaintiff hereby incorporates paragraphs "1" through "25", inclusive, as though fully set forth herein.

27. Upon information and belief, defendants and/or their agents, servants, workmen or employees, and each of them knowingly, modified a device or utilized equipment, knowing or having reason to know that the device or equipment is used primarily in the assistance of the unauthorized decryption of satellite cable programming, or direct-to-home satellite services, or is intended for any other prohibited activity.

28. 47 U.S.C. §605 (e)(4) prohibits the modification or utilization of a device or equipment knowing or having reason to know that it is used primarily in the assistance of the unauthorized decryption of satellite cable programming or direct-to-home satellite services, such as the transmission for which plaintiff had the distribution rights thereto, or is intended for any other activity prohibited under 47 U.S.C. §605 (a) .

29. By reason of the aforementioned conduct, each of the aforementioned defendant's violation of 47 U.S.C. §605, plaintiff has a private right of action pursuant to 47 U.S.C. §605.

30. As a result of the aforementioned defendants' violation of 47 U.S.C. §605 (e)(4), plaintiff is entitled to damages in the discretion of this Court, under 47 U.S.C. §605 (e)(3)(C)(i)(II) of up to $100,000.00 as to each defendant.

31. Pursuant to 47 U.S.C. §605, plaintiff is also entitled to an award of full costs, interest and reasonable attorney's fees.

-6-

## COUNT III

32. Plaintiff hereby incorporates paragraphs "1" through "31", inclusive, as though fully set forth herein at length.

33. Upon information and belief, with full knowledge that the Program was not to be received and exhibited by entities unauthorized to do so, the defendants and/or their agents, servants, workmen or employees did exhibit the Program at the above-captioned addresses at the time of its transmission willfully and for purposes of direct or indirect commercial advantage or private financial gain.

34. 47 U.S.C. §553 prohibits the unauthorized reception, interception and exhibition of any communications service offered over a cable system such as the transmission for which plaintiff had the distribution rights thereto.

·35. Upon information and belief, the defendants individually, willfully and illegally intercepted said Program when it was distributed and shown by cable television systems.

36. By reason of the aforementioned conduct, all of the aforementioned defendants willfully violated 47 U.S.C. §553, thereby giving rise to a private right of action.

37. As a result of the aforementioned defendants' violation of 47 U.S.C. §553, plaintiff is entitled to damages in an amount in the discretion of this Court, of up to $60,000.00, plus the recovery of full costs, interest and reasonable attorney's fees.

WHEREFORE, the plaintiff requests that judgment be entered in its favor and against each of the aforementioned defendants granting to plaintiff the following:

(a) Declare that defendant's unauthorized exhibition of the **May 6, 2006 DeLaHoya/Mayorga Program,** violated the Federal Communications Act and that

-7-

such violations were committed willfully and for purposes of defendants' direct or indirect commercial advantage or for private financial gain.

(b)   On the first cause of action, statutory penalties in an amount in the discretion of this Court, of up to $110,000.00 as to each defendant for their willful violation of 47 U.S.C. §605 (a);

(c) On the second cause of action, statutory penalties in an amount in the discretion of this Court, of up to $100,000.00 as to each defendant for their violation of 47 U.S.C. §605 (e)(4);

(d) On the third cause of action, statutory penalties in an amount in the discretion of this Court, of up to $60,000.00 as to each defendant for their violation of 47 U.S.C. §553;

(e) Attorney's fees, interest, costs of suit as to each defendant pursuant to 47 U. S. C. § 605 (e) (3) (B) (iii) and §553 (c) (2)(C), together with such other and further relief as this Court may deem just and proper.

Dated:  December 17, 2007
        Ellenville, New York

J & J SPORTS PRODUCTIONS, INC.

By:_____
        JULIE COHEN LONSTEIN , ESQ.
        Attorney for Plaintiff
        Bar Roll No. JL8521
        LONSTEIN LAW OFFICE, P.C.
        Office and P.O. Address
        1 Terrace Hill : P.O. Box 351
        Ellenville, NY  12428
        Telephone:  (845) 647-8500
        Facsimile:  (845) 647-6277
        Email: Info@signallaw.com
        *Our File No. 06-7-S02*

-8-

Exhibit "D"

## ROCKLAND COUNTY SHERIFF'S DEPARTMENT
### CERTIFICATE OF SERVICE

United States District Court
Southern District of New York
State of New York

| | |
|---|---|
| J & J Sports Productions, Inc., as Broadcast Licensee of the May 6, 2006 Delahoya/Mayorga Program<br><br>vs.<br><br>Ana Lucia Baquero and Carlos Eduardo Asitimbay. Individually and as officers, directors, shareholders and/or principals of El Torero Rest., Inc. d/b/a El Torero Restaurant a/k/a El Torero Sports Bar, and El Torero Rest. Inc d/b/a El Torero Restaurant a/k/a El Torero Sports Bar | Index Number: 07 CIV 11392<br><br>Sheriff File Number: 08000328 |

I, Deputy Sheriff Dean O'Hanlon, 610, of the Rockland County Sheriff's Department, New City, New York, certify and affirm that on the 2/14/2008 at approximately 6:45 PM, at 108 North Main Street Spring Valley NY 10977, served the within Summons & Complaint, upon Carlos Asitimbay the defendant named therein, in the following manner:

ALTERNATE PERSON

By delivering to and leaving with Jane Doe whose relationship is unknown a true copy thereof, a person of suitable age and discretion. Said address was the actual place of business of the defendant.

MAILED

By mailing in a plain envelope marked Personal & Confidential on 2/14/2008 a copy of the annexed Summons & Complaint to the defendant at his actual place of business which was 108 North Main Street, Spring Valley, NY 10977.

DESCRIPTION

The person served was approximately: Skin Color: White, Hair Color: Black, Gender: Female, Height: 5' 2", Weight: 135, Age: 30 .

Dated:
Tuesday, February 19, 2008

_____          _____
Dean O'Hanlon                    610
Deputy Sheriff                   Badge Number

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

| _____ Southern _____ | District of | _____ New York _____ |

J & J SPORTS PRODUCTIONS, INC.,
as Broadcast Licensee of the May 6, 2006
DELAHOYA/MAYORGA Program.
                              Plaintiff.
                    V.

**SUMMONS IN A CIVIL ACTION**

ANA LUCIA BAQUERO and CARLOS EDUARDO
ASITIMBAY. Individually and as officers, directors.
shareholders and/or principals of EL TORERO REST.. INC.
d/b/a EL TORERO RESTAURANT a/k/a EL TORERO
SPORTS BAR, and  EL TORERO REST.. INC. d/b/a EL
TORERO RESTAURANT a/k/a EL TORERO SPORTS BAR,
                    Defendants.

CASE NUMBER:

TO: (Name and address of Defendant)

**CARLOS EDUARDO ASITIMBAY, Individually and as officer, director, shareholder and/or principal of EL TORERO REST., INC. d/b/a EL TORERO RESTAURANT a/k/a EL TORERO SPORTS BAR**
108 North Main Street
Spring Valley, New York  10977          Our File No. 06-7-S02

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

LONSTEIN LAW OFFICE, P.C.
1 Terrace Hill, P.O. Box 351
Ellenville, NY 12428
Tel. (845)647-8500

an answer to the complaint which is served on you with this summons, within _____ twenty (20) _____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

# J. MICHAEL McMAHON

_____                    12 / 19 / 2007
CLERK                                        DATE

_____
(By) DEPUTY CLERK

## ROCKLAND COUNTY SHERIFF'S DEPARTMENT
### CERTIFICATE OF SERVICE

United States District Court
Southern District of New York
State of New York

| | |
|---|---|
| J & J Sports Productions, Inc., as Broadcast Licensee of the May 6, 2006 Delahoya/Mayorga Program | Index Number: 07 CIV 11392 |
| vs. | Sheriff File Number: 08000328 |
| Ana Lucia Baquero and Carlos Eduardo Asitimbay. Individually and as officers, directors, shareholders and/or principals of El Torero Rest., Inc. d/b/a El Torero Restaurant a/k/a El Torero Sports Bar, and El Torero Rest. Inc d/b/a El Torero Restaurant a/k/a El Torero Sports Bar | |

I, Deputy Sheriff Dean O'Hanlon, 610, of the Rockland County Sheriff's Department, New City, New York, certify and affirm that on the 2/14/2008 at approximately 6:45 PM, at 108 North Main Street Spring Valley NY 10977, served the within Summons & Complaint, upon Ana Lucia Baquero the defendant named therein, in the following manner:

ALTERNATE PERSON

By delivering to and leaving with Jane Doe whose relationship is unknown a true copy thereof, a person of suitable age and discretion. Said address was the actual place of business of the defendant.

MAILED

By mailing in a plain envelope marked Personal & Confidential on 2/14/2008 a copy of the annexed Summons & Complaint to the defendant at her actual place of business which was 108 North Main Street, Spring Valley, NY 10977.

DESCRIPTION

The person served was approximately: Skin Color: White, Hair Color: Black, Gender: Female, Height: 5' 2", Weight: 135, Age: 30 .

Dated:
Tuesday, February 19, 2008

Dean O'Hanlon
Deputy Sheriff

610
Badge Number

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

|  Southern  | District of | New York |

J & J SPORTS PRODUCTIONS, INC.,
as Broadcast Licensee of the May 6, 2006
DELAHOYA/MAYORGA Program.
                    Plaintiff.
        V.

ANA LUCIA BAQUERO and CARLOS EDUARDO
ASITIMBAY, Individually and as officers, directors,
shareholders and/or principals of EL TORERO REST., INC.
d/b/a EL TORERO RESTAURANT a/k/a EL TORERO
SPORTS BAR, and EL TORERO REST., INC. d/b/a EL
TORERO RESTAURANT a/k/a EL TORERO SPORTS BAR,
                    Defendants.

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER:

**'07 CIV 11392**

JUDGE ROBINSON

TO: (Name and address of Defendant)

**ANA LUCIA BAQUERO, Individually and as officer, director, shareholder and/or principal of EL TORERO REST., INC.
d/b/a EL TORERO RESTAURANT a/k/a EL TORERO SPORTS BAR**
**108 North Main Street**
**Spring Valley, New York  10977**              Our File No. 06-7-S02

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

LONSTEIN LAW OFFICE, P.C.
1 Terrace Hill, P.O. Box 351
Ellenville, NY 12428
Tel. (845)647-8500

an answer to the complaint which is served on you with this summons, within ____twenty (20)____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

**J. MICHAEL McMAHON**

_____        12/19/2007
CLERK                                  DATE

_____
(By) DEPUTY CLERK

## AFFIDAVIT OF SERVICE THROUGH THE SECRETARY OF STATE

Index #  07 civ 111392                                        Purchased/Filed: December 19, 2007

STATE OF NEW YORK          UNITED STATES DISTRICT COURT                    EASTERN DISTRICT OF NY

---

*J&J Sports Productions, Inc.*                                             Plaintiff

against

*Ana Lucia Baquero, et al*                                                 Defendant

---

STATE OF NEW YORK
COUNTY OF ALBANY                SS.:

_____ Jessica  Miller _____ , being duly sworn, deposes and says: deponent is over

the age of eighteen (18) years; that on _____ January 29, 2008 _____ , at _ 2:00pm _ , at the office of the

Secretary of State of the State of New York in the City of Albany, New York deponent served the annexed

Summons in a Civil Action, and Complaint and Rule 7.1 Corporate Disclosure Statement

on

_____ El Torero Rest., Inc. _____ , the

Defendant in this action, by delivering to and leaving with _____ Carol Vogt _____ ,

AUTHORIZED AGENT in the Office of the Secretary of State, of the State of New York, personally at the

Office of the Secretary of State of the State of New York, _ 2 _ true copies thereof and that at the time

of making such service, deponent paid said Secretary of State a fee of _ 40 _ dollars; That said service

was made pursuant to Section _ 306 Business Corporation Law _ .

Deponent further says that deponent knew the person so served as aforesaid to be the agent in the Office

of the Secretary of State of the State of New York, duly authorized to accept such service on behalf of said

defendant.

Description of the person served:  Approx. Age: _ 43 _    Approx. Wt: _ 118 _    Approx. Ht: _ 5' _

Color of skin: _ White _    Hair color: _ Brown _    Sex: _ F _    Other: _____

Sworn to before me on this

_ 4th _  day of _____ February, 2008 _____

_____
DONNA M. TIDINGS
NOTARY PUBLIC, State of New York
No. 01TI4898570, Qualified in Albany County
Commission Expires June 15, 2011

Jessica  Miller

Invoice•Work Order # SP0800922

*SERVICO. INC. - PO BOX 871 - ALBANY, NEW YORK 12201 - PH 518-463-4179*

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

Southern _____ District of _____ New York

J & J SPORTS PRODUCTIONS, INC.,
as Broadcast Licensee of the May 6, 2006
DELAHOYA/MAYORGA Program.
                              Plaintiff.
              V.

ANA LUCIA BAQUERO and CARLOS EDUARDO
ASITIMBAY, Individually and as officers, directors,
shareholders and/or principals of EL TORERO REST., INC.
d/b/a EL TORERO RESTAURANT a/k/a EL TORERO
SPORTS BAR, and EL TORERO REST., INC. d/b/a EL
TORERO RESTAURANT a/k/a EL TORERO SPORTS BAR,
                              Defendants.

## SUMMONS IN A CIVIL ACTION

CASE NUMBER:

TO: (Name and address of Defendant)

**EL TORERO REST., INC. d/b/a EL TORERO RESTAURANT a/k/a EL TORERO SPORTS BAR**
**108 North Main Street**
**Spring Valley, New York 10977**                    Our File No. 06-7-S02

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

**LONSTEIN LAW OFFICE, P.C.**
**1 Terrace Hill, P.O. Box 351**
**Ellenville, NY 12428**
**Tel. (845)647-8500**

an answer to the complaint which is served on you with this summons, within _____ twenty (20) _____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

CLERK                                        DATE

(By) DEPUTY CLERK