ECF CASE
JUDGE ROBINSON

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------

**J & J SPORTS PRODUCTIONS, INC.,**
as Broadcast Licensee of the **May 6, 2006**
**DELAHOYA/MAYORGA** Program,
                      Plaintiff,

    -against-

ANA LUCIA BAQUERO and CARLOS
EDUARDO ASITIMBAY, Individually and as
officers, directors, shareholders and/or principals of
EL TORERO REST., INC. d/b/a EL TORERO
RESTAURANT a/k/a EL TORERO SPORTS BAR,

and

EL TORERO REST., INC. d/b/a EL TORERO
RESTAURANT a/k/a EL TORERO SPORTS BAR
                      Defendants.
-----------------------------------------------------------------

**Inquest Memorandum**
Civil Action No. 07-CV-11392-SCR-GAY
HON. Honorable George A. Yanthis

Plaintiff submits the following in support of its request for an award of damages against the Defendants, ANA LUCIA BAQUERO and CARLOS EDUARDO ASITIMBAY, Individually and as officers, directors, shareholders and/or principals of EL TORERO REST., INC. d/b/a EL TORERO RESTAURANT a/k/a EL TORERO SPORTS BAR, and EL TORERO REST., INC. d/b/a EL TORERO RESTAURANT a/k/a EL TORERO SPORTS BAR.

## FACTS

The relevant facts were set forth in the brief accompanying the motion for Default Judgment.

## DAMAGES

**STATUTORY DAMAGES**

As stated in the Memorandum of Law in support of Plaintiff's Motion for Default Judgment, Plaintiff elects to receive statutory damages as actual damages are difficult and/or impossible to calculate.

Pursuant to 47 U.S.C. §605(e)(3)(C)(i)(II), Defendants are indebted to Plaintiff for the unlawful exhibition for commercial advantage of the closed circuit television signal of the May 6, 2006 DeLaHoya/Mayorga boxing event, in the sum of no less than $1,000.00 up to $10,000.00 in the discretion of the Court. Factors to be considered in determining the appropriate amount of damages include the pecuniary loss sustained by the victim, any unlawful monetary gains by the defendant, and whether there have been repeat violations over an extended period of time. Kingvision v. El Emperador Azteca, 2005 U.S. Dist. LEXIS 43855 (E.D.N.Y. July 6, 2005).

Plaintiff's losses include lost sublicense fees, admission charges and loss of good will. Id. For the Courts's information, attached as Exhibit 'A' is the rate card for the DeLaHoya/Mayorga boxing event. Depending on the true fire capacity of Defendant's establishment, the event would have cost Defendants between $2,000.00 and $3,000.00 to legally receive the event.

Theft of closed-circuit broadcasts, such as the DeLaHoya/Mayorga boxing event, by unauthorized commercial establishments, such as EL TORERO REST., INC. d/b/a EL TORERO RESTAURANT a/k/a EL TORERO SPORTS BAR, adversely affects both J & J Sports Productions, Inc. and its customers. J & J Sports Productions, Inc. pays substantial fees to obtain the right to sublicense the broadcast of closed-circuit programming to authorized commercial establishments. J & J Sports Productions, Inc. primary source of revenue is the sublicense fees which it charges to authorized commercial establishments for the right to broadcast closed-circuit

sports and entertainment programming such as the Event.

The Defendant's actions have the potential to erode the base of J & J Sports Productions, Inc. customers. Each patron of EL TORERO REST., INC. d/b/a EL TORERO RESTAURANT a/k/a EL TORERO SPORTS BAR is lost as a future patron of authorized broadcasts. See Cox Cable Cleveland Area, Inc. v. King, 582 F.Supp. 376, 381 (E.D. Ohio 1983).

Further, J & J Sports Productions, Inc. has suffered damage to its goodwill and reputation and loss of its right and ability to control and receive fees for the transmission of the DeLaHoya/Mayorga boxing event. When negotiating sublicense fees, J & J Sports Productions, Inc. generally represents to legitimate commercial establishments the locations of other authorized commercial establishments licensed to receive the programming. Therefore, when an unauthorized commercial establishment intercepts, receives and broadcasts closed-circuit programming, such as the DeLaHoya/Mayorga boxing event, J & J Sports Productions, Inc. reputation and goodwill suffers from what appears like a misrepresentation. J & J Sports Productions, Inc. should receive compensation from the Defendant for these losses suffered.

Furthermore, an incalculable element of damages is the ill-will and possible loss of future business from legitimate commercial establishments which refuse to pay sublicense fees because they cannot compete with unauthorized commercial establishments which steal closed-circuit programming, such as the DeLaHoya/Mayorga boxing event. The continued viability of J & J Sports Productions, Inc. as a business depends upon the willingness and ability of legitimate commercial establishments to pay sublicense fees for the right to broadcast closed-circuit sports and entertainment programming, such as the DeLaHoya/Mayorga boxing event. If such programming is made available to the public for no fee at unauthorized commercial establishments which have not purchased the right to broadcast such programming, legitimate

commercial establishments will find no reason to purchase the right to legally broadcast this type of programming.

J & J Sports Productions, Inc. is operating a legitimate business of the type that Congress specifically sought to protect. That protection, however, is threatened by the Defendant's actions. This Court must use the full power of the Statute to punish the Defendant for its act of theft. If rampant theft of service is allowed to go unpunished and J & J Sports Productions, Inc. and similar distributors of protected communications continue to suffer losses as a result of the theft, these businesses could be forced to curtail distribution of this programming, thereby depriving the people of the State of New York of the ability to view these sports and entertainment events.

As such, Plaintiff respectfully submits that $10,000 in statutory damages is an appropriate award in order to punish defendants for its actions and deter future pirates from performing similar acts of piracy.

**ENHANCED DAMAGES**

In addition, pursuant to 47 U.S.C. §605(e)(3)(C)(ii) Plaintiff is entitled to an additional statutory damage amount of <u>up to</u> $100,000.00 in the discretion of the Court for the intentional unlawful interception of the closed circuit television signal of the May 6, 2006 DeLaHoya/Mayorga boxing event. Under Section 605(e)(3)(C)(ii), a Defendant's conduct must be 1) willful and 2) done for direct or indirect commercial advantage in order for there to be an enhanced damage award.

**WILLFULNESS**

Willfulness is defined as "disregard for the governing statute and an indifference for its requirements[,]" <u>Trans World Airlines, Inc. v. Thurston</u>, 469 U.S. 111, 126-27 (1985) and is established by the fact that an event is broadcast, without authorization, through a defendant's

cable box. See Time Warner Cable v. Googies Luncheonette, Inc., 77 F. Supp. 2d at 490 (SDNY 1999) (finding that "signals do not descramble spontaneously, nor do television sets connect themselves to cable distribution systems"). Section 605(e)(3)(C)(ii) allows for increased damage awards against persons or entities operating commercial establishments that show the unauthorized programming to patrons. See Googies Luncheonette, 77 F. Supp. 2d at 491 (increasing award by $ 12,000); Taco Rapido Restaurant, 988 F. Supp. at 111-12 (increasing award by $ 5,000).

**DIRECT OR INDIRECT COMMERCIAL ADVANTAGE**

Courts use a variety of factors in determining whether a defendant's willful conduct justifies increased damages. These factors are i) plaintiff's estimated damages ii) defendants' likely commercial gain in selling food and drink Kingvision Pay-Per-View v. Lalaleo, 05-CV-2659, 2006 U.S. Dist. LEXIS 24449 (EDNY 2005) iii) repeated violations over an extended period of time; iv) substantial unlawful monetary gains; v) advertising of the broadcast; or vi) charging of a cover charge or premiums for food and drinks. vii) and the need to deter future theft of service. See id. and see also Kingvision Pay-Per-View Ltd. v. El Rey Del Bistec Y Caridad, Inc., 01-CV-6562, 2001 (SDNY 2001).

Judge Azrack has held in similar cases that a commercial establishments likely commercial gain from selling food and drink is enough to be considered as commercial advantage for purposes of enhanced damages. See Lalaleo (EDNY 2001), see also Garden City Boxing Club, Inc. v. Bello, 05-CV-1300 (EDNY 2005), see also Garden City Boxing Club, Inc. v. Santacruz, 05-CV-0063(EDNY 2005), see also Entm't by J&J, Inc. v. Roopnarain Ramsarran, 01-CV-5223(EDNY 2005). In those cases, the defendants did not charge a cover charge and did not advertise the broadcast.

In the Southern District of New York, Judge Denny Chin, in a similar case, found that it "more likely that not, one of the reasons defendants (commercial establishment) exhibited the fight was to realize increased profits from the sale of food and beverages, which profits should be disgorged." Garden City Boxing Club, Inc. v. Luis Polanco, 05 CV 3411 (SDNY Feb. 7, 2006)(Chin), 2006 U.S. Dist. LEXIS 5010.

In this case, the defendants were willful and flagrant in their piracy, and the Defendants failure to appear in the action illustrates their indifferent attitude toward the communications law.

Plaintiff urges that the maximum amount of statutory damages under 605(e)(3)(C)(i)(II), $10,000.00 be awarded in this case. Plaintiff further urges that substantial enhanced damages be added to it pursuant to 605(e)(3)(C)(ii) of up to $100,000.00. In deference to Plaintiff Counsel's obligation to zealously represent its client, the prayer below includes a prayer for the full statutory amount available to the Plaintiff.

### FEES AND COSTS

The Federal Communications Act provides that full costs, including attorney fees shall be awarded to an aggrieved party who prevails. Kingvision is an aggrieved party in this case because it had a proprietary interest in the intercepted communications. Garden City Boxing Club v. Ayisah, 2004 U.S. Dist. 7687 (S.D.N.Y.) Plaintiff has expended filing fees, service of process costs, attorney fees, and investigative expenses pursuing this case. Garden City Boxing Club v. Guzman, 2005 U.S.Dist. LEXIS 7954 (S.D.N.Y.), Kingvision v. Medrano, 2004 U.S. Dist. LEXIS 13282 (S.D.N.Y.), Kingvision v. Recio, 2003 U.S. Dist. LEXIS 10440 (S.D.N.Y.), Time Warner Cable v. Evans, 2001 U.S. Dist. LEXIS 16402(S.D.N.Y.), Joe Hand Productions v. West, 2000 U.S. Dist. LEXIS 15711 (W.D.N.Y.), Main Event v. Batista, 1999 U.S. Dist.

LEXIS 2250, 1998 U.S. Dist. LEXIS 21492 (E.D.N.Y.). Plaintiff relies on the Attorney's Affidavit of Costs and Fees submitted with its Motion for Default Judgment at ECF Doc. No 7.

## CONCLUSION

Plaintiff is entitled to a default judgment against Defendants holding them liable for a sum, in the discretion of the court of <u>up to</u> the sum $110,000.00 for violation of 605(a). Plaintiff is also entitled to full litigation costs including investigative and attorney fees, and post-judgment interest. Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, there is no just reason for delay in these default judgments as the interest of justice require the issuance of judgment as requested without further delay.

**WHEREFORE,** your deponent respectfully requests that this Court in its discretion grant a judgment by default under 605(a) on COUNT I of the Plaintiff's complaint against the Defendants as follows:

**Against, ANA LUCIA BAQUERO, Individually and as officers, directors, shareholders and/or principals of EL TORERO REST., INC. d/b/a EL TORERO RESTAURANT a/k/a EL TORERO SPORTS BAR,**

1) under 605(e)(3)(C)(i)(II) a sum *in the discretion of the Court*, of <u>up to</u> TEN THOUSAND DOLLARS ($10,000.00)

2) and under 605(e)(3)(C)(ii) a sum *in the discretion of the Court*, of <u>up to</u> ONE HUNDRED THOUSAND DOLLARS ($100,000.00) for enhanced damages for Defendant's willful violation of 605(a)

3) and under 605(e)(3)(B)(iii) *in the discretion of the Court*, costs and Attorney fees of FIVE HUNDRED TWENTY NINE DOLLARS AND SIXTEEN CENTS ($529.16)

**Against, CARLOS EDUARDO ASITIMBAY, Individually and as officers, directors, shareholders and/or principals of EL TORERO REST., INC. d/b/a EL TORERO RESTAURANT a/k/a EL TORERO SPORTS BAR,**

1) under 605(e)(3)(C)(i)(II) a sum *in the discretion of the Court*, of <u>up to</u> TEN THOUSAND DOLLARS ($10,000.00)

2) and under 605(e)(3)(C)(ii) a sum *in the discretion of the Court*, of <u>up to</u> ONE HUNDRED THOUSAND DOLLARS ($100,000.00) for enhanced damages for

Defendant's willful violation of 605(a)

3) and under 605(e)(3)(B)(iii) *in the discretion of the Court*, costs and Attorney fees of FIVE HUNDRED TWENTY NINE DOLLARS AND SIXTEEN CENTS ($529.16)

**Against, EL TORERO REST., INC. d/b/a EL TORERO RESTAURANT a/k/a EL TORERO SPORTS BAR**

1) under 605(e)(3)(C)(i)(II) a sum *in the discretion of the Court*, of up to TEN THOUSAND DOLLARS ($10,000.00)

2) and under 605(e)(3)(C)(ii) a sum *in the discretion of the Court*, of up to ONE HUNDRED THOUSAND DOLLARS ($100,000.00) for enhanced damages for Defendant's willful violation of 605(a)

3) and under 605(e)(3)(B)(iii) *in the discretion of the Court*, costs and Attorney fees of FIVE HUNDRED TWENTY NINE DOLLARS AND SIXTEEN CENTS ($529.16)

Dated: April 17, 2008
    Ellenville, NY 12428

/s/ Julie Cohen Lonstein
Julie Cohen Lonstein, Esq.
Bar Roll No. JL8512
Lonstein Law Office, P.C.
Attorneys for Plaintiff
1 Terrace Hill; PO Box 351
Ellenville, NY 12428
Telephone: 845-647-8500
Fax: 845-647-6277

### Certificate of Service

The undersigned certifies that on the **17th** day of April 2008 your deponent served the Inquest Memorandum by regular postage mail on the following:

El Torero Restaurant Inc.
151 N. Main St.
New City, NY 10956-3850

Carlos Eduardo Asitimbay
108 North Main Street
Spring Valley, NY 10977

Ana Lucia Baquero
108 North Main Street
Spring Valley, NY 10977

       /s/ Julie Cohen Lonstein
       Julie Cohen Lonstein

Exhibit 'A'
`

www.boxingseries.com

**J&J SPORTS PRODUCTIONS INC**

## Closed Circuit Rate Card
### SATURDAY, MAY 6, 2006
### From MGM GRAND GARDEN ARENA
### Live on Pay-Per-View

**DANGER ZONE**

### World Super Welterweight Championship

# DE LA HOYA VS. MAYORGA

Minimum Guarantee $2000.00 Per Closed Circui Location Plus a $20.00 Per Person Avobe 100.

| SEATING | RATE |
|---|---|
| 1 – 100 | 2000.00 |
| 101 – 200 | 3000.00 |
| 201 – 300 | 4000.00 |
| 301 – 400 | 5000.00 |
| 401 – 500 | 6000.00 |

Casino Minimum Guarantee $3000.00 Per Closed Circui Location Plus $30.00 Per Person avobe 100.

A $200 DirecTV Tech Fee must be ADDED to each deal.

This Rate Card is to be use by all distributors in the U. S territory for Commercial Establishments.

Any establishments with higher capacity or changes in capacity to be approve by J&J Sports Productions Inc Sales Manager Art Gallegos or President Joe Gagliardi

WE ACCEPT:
VISA, MASTERCARD, DISCOVER AND AMERICAN EXPRESS

TOLL FREE NUMBER:    1-888-258-7116

Art Gallegos
National Sales Manager

Visit Our Web Site At: www.Boxingseries.com
2380 South Bascom Avenue, Suite 200 • Campbell, CA 95008 • Tel· (408) 369-8022 • Fax: (408) 369-8096